I concur with the majority opinion except for the holding "that the Hammes presented substantial evidence that, after discovering Frank Hamme's peril, Wood failed to use all reasonable means to warn Mr. *Page 285 
Hamme of that peril and/or that Wood failed to stop the train, assuming that he could have done so in time to avoid the collision." 621 So.2d at 284. On that point, I must respectfully dissent.
The engineer, Wood, testified that he did not see Frank Hamme's truck until it moved into sight from around a building, when it was between seven and nine automobile lengths from the crossing, and that he (Wood) did not realize until Hamme reached the crossing that Hamme was not going to stop, at which point Wood placed the train in "emergency." Based on this testimony, I do not find substantial evidence that the defendants "acted with 'knowledge of the danger or a consciousness that injury was likely to result from an act or an omission to act,' " 621 So.2d at 283, quoting in partBurlington Northern R.R. v. Whitt, 575 So.2d 1011, 1021 (Ala. 1990), sufficient to submit the wantonness claim to the jury. In Whitt, there was evidence not only that the red warning lights were not operating, but also that the train was moving at an excessive speed and that the "peepholes" on the signal lights, which permit train crew members to observe whether the warning lights are flashing, were covered with paint.
Accordingly, I would affirm the trial court's judgment based on the directed verdict.